IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DANIEL RETZ, | ) | CASE NO. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | **NOTICE OF REMOVAL** |
| vs. | ) | **AND** |
| | ) | **DEMAND FOR JURY TRIAL** |
| OFFICER ADAM TURNBALL, in his | ) | |
| individual and official capacity, | ) | |
| DETECTIVE WILLIAM SEATON, in his | ) | |
| individual and official capacity, | ) | |
| SERGEANT STEVEN GARCIA in his | ) | |
| individual and official capacity, and | ) | |
| THE CITY OF OMAHA, NEBRASKA, | ) | |
| | ) | |
| Defendants. | ) | |

COME NOW the Defendants in the above-entitled action and remove this action to this United States District Court upon the following showing:

1. On May 5, 2011, Plaintiff filed an amended complaint in an action entitled DANIEL RETZ vs. OFFICER ADAM TURNBALL, in his individual and official capacity, DETECTIVE WILLIAM SEATON, in his individual and official capacity, SERGEANT STEVEN GARCIA, in his individual and official capacity, and THE CITY OF OMAHA, in the District Court of Douglas County, Nebraska, and identified as Case No. CI 10-9392204 (Old case no. Doc. 1093, Page 312), where it is presently pending.

2. A true and accurate copy of the First Amended Complaint is attached hereto as Exhibit 1.

3. All Defendants named in the First Amended Complaint join in this Removal.

4. The First Amended Complaint in the pending action presents a claim arising under the United States Constitution, treaties, or laws of the United States and is removable from the State court in accordance with 28 U.S.C. § 1441(b).

5. Service of process was made and/or the First Amended Complaint was received by these named Defendants on or about May 9, 2011. This Notice of Removal is filed within 30 days after any named Defendant first received or was served with the Complaint.

6. Pursuant to 28 U.S.C. § 1331 this Court has original jurisdiction of the claim filed by Daniel Retz in the District Court of Douglas County, Nebraska, and the action may, therefore, be removed to this court pursuant to 28 U.S.C. § 1441.

WHEREFORE, the named Defendants pray that the above entitled action be removed from the District Court of Douglas County, Nebraska to this Court.

## DEMAND FOR JURY TRIAL

Defendants request a jury trial in Omaha, Nebraska.

> OFFICER ADAM TURNBALL, DETECTIVE WILLIAM SEATON, SERGEANT STEVEN GARCIA, and THE CITY OF OMAHA, NEBRASKA, Defendants
>
> s/ Michelle Peters
> THOMAS O. MUMGAARD, No. 16004
> Deputy City Attorney
> MICHELLE PETERS, No. 20021
> Assistant City Attorney
> Attorneys for Defendants
> 804 Omaha/Douglas Civic Center
> 1819 Farnam Street
> Omaha, NE 68183
> Telephone: (402) 444-5115
> Fax: (402) 444-5125
> tom.mumgaard@ci.omaha.ne.us
> michelle.peters@ci.omaha.ne.us

## CERTIFICATE OF SERVICE

I hereby certify that on 16th day of May, 2011, I filed the foregoing **NOTICE TO REMOVE** with the Clerk of the Court and sent notification of such filing by first class mail, postage prepaid, to Daniel Freidman, FREIDMAN LAW OFFICES, 3800 Normal Blvd., Ste. 200, P.O. Box 82009, Lincoln, NE 68501.

                                            s/ Michelle Peters



IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| | | |
|---|---|---|
| DANIEL RETZ, | ) | Case No. CI 10-9392204 |
| Plaintiff, | ) ) ) | Docket 1113   Page 290 |
| vs. | ) ) | |
| OFFICER ADAM TURNBALL, in his individual and official capacity, DETECTIVE WILLIAM SEATON, in his individual and official capacity, SERGEANT STEVEN GARCIA, in his individual and official capacity, and the CITY OF OMAHA, NEBRASKA, | ) ) ) ) ) ) ) ) ) | FIRST AMENDED COMPLAINT |
| Defendants. | ) | |

COMES NOW, Plaintiff Daniel Retz, and makes the following claims against Defendants, Officers William Seaton, Adam Turnball, and Steven Garcia, (in their individual and official capacities), and the City of Omaha, Nebraska:

1. PARTIES:

    a. Plaintiff Daniel Retz is a United States citizen who is a resident of the City of Bellevue, Sarpy County, Nebraska.

    b. Defendant Officer Adam Turnball was at the time of this incident and is currently a police officer employed by Defendant Omaha, Nebraska, Police Department, badge number 1741.

    c. Defendant Detective William Seaton was at the time of this incident and is currently a police officer employed by Defendant Omaha, Nebraska, Police Department, badge number 1761.

    d. Defendant Sergeant Steven Garcia was at the time of this incident and is currently a police officer employed by Defendant Omaha,



Nebraska, Police Department, badge number 1492.

e. At all times herein, Defendants Officers Turnball, Seaton, and Garcia acted under color of state law in their capacities and their scope of employment as officers of Defendant City of Omaha's police department. The Omaha, Nebraska police department is an entity wholly governed by Defendant City of Omaha.

f. The City of Omaha, Nebraska, is a city of the metropolitan class pursuant to Neb.Rev.Stat. § 14–118, existing under and by virtue of the laws of the State of Nebraska.

2. On or about November 2008, Plaintiff reported to Omaha police department that his ex-girlfriend, Emily Coufal, had stolen his car. The Omaha Police Department instructed Plaintiff to inform it of the car's whereabouts when and if he learned of it. Approximately ten days later, Plaintiff did learn the whereabouts of his car. Coufal had apparently parked his car at an apartment complex called "The Towers," located near the intersection of Park Avenue and Poppleton Street in Omaha, Nebraska. A friend drove Plaintiff to the location so that he could investigate and retrieve his car.

3. When Plaintiff arrived at the car's location, Omaha Police Officers Turnball, Seaton and Garcia had already arrived at the location. Emily Coufal was at the location as well. Coufal was seated in a police cruiser with Officers Turnball and Seaton. Coufal may have worked as a paid confidential

informant for the Omaha Police Department.

4. At his arrival, Officer Turnball frisked Plaintiff, who was not carrying any weapons. Although Plaintiff had recently had surgery on his right shoulder to repair a torn rotator cuff, he was not wearing a sling; it was the first time he had gone without a sling since the surgery. He did, however, inform Turnball of his medical condition while Turnball was frisking him. Plaintiff also identified himself as the car's owner and stated his purpose to retrieve the car.

5. The officers placed Plaintiff in the back seat of a police cruiser while they proceeded to clear his stolen car off of the "hot sheet." Plaintiff waited in the cruiser for approximately one hour. During this time, police also reduced Coufal's charge from car theft to a lesser charge.

6. Plaintiff was finally permitted to exit the cruiser and proceed to his own car to see whether it was operational. While Plaintiff examined the interior of the car, Turnball and Seaton remained in the cruiser with Coufal.

7. Officer Seaton approached the driver's side of Plaintiff's car and demanded that Plaintiff hand him a pack of cigarettes that were inside the car. Plaintiff complied. Plaintiff then exited the car, walked by the cruiser in which Coufal was seated, and held up his middle finger to her in a non-verbal gesture.

8. Officer Seaton became angry with Plaintiff for the gesture and threatened to charge Plaintiff with disorderly conduct. Seaton then placed a handcuff on

Plaintiff's left wrist. Plaintiff then informed Seaton that his right arm would not go behind his back because he had just had shoulder surgery. Seaton, however, said, "I'll show you how far it can go." Seaton then forced Plaintiff's right arm behind his back and pushed it up towards his head. While Seaton forced Plaintiff's right arm behind his back and up, he picked Plaintiff up off the ground and ripped the injured shoulder, re-injuring the rotator cuff.

9. At that point, Turnball and Garcia approached Plaintiff and Seaton. Turnball informed Seaton that Plaintiff was telling the truth when he stated he had just had shoulder surgery. Turnball then proceeded to handcuff Plaintiff in front of his body and inquired whether Plaintiff was okay. Plaintiff answered in the negative.

10. Plaintiff then told Seaton, who had just re-injured him, that he had really hurt him, and called him a "cocksucker." Approximately 30 seconds later, Garcia and Turnball turned their backs.

11. Seaton then grabbed Plaintiff by his coat and belt and flipped Plaintiff onto the ground; when Plaintiff began to get up, Seaton used his boot to shove him back down. Seaton stated, "Nobody calls me a cocksucker."

12. Plaintiff was placed back into a cruiser with Officer Garcia. Plaintiff indicated that he was badly hurt and that his rotator cuff was re-injured. He requested medical attention. Officer Garcia accused Plaintiff of faking the injury, but the officers told Plaintiff that that they would call an ambulance. Plaintiff sat in the cruiser another 15 minutes. Plaintiff never received medical

23. Plaintiff herein incorporates paragraphs 1 through 22 as if they were written entirely.

24. After Officer Seaton seriously injured him, Plaintiff requested medical attention. Officer Garcia accused Plaintiff of "faking" the injury. Officers never obtained medical treatment for Plaintiff, and in fact, abandoned him while he was seriously injured, leaving the scene entirely, so that Plaintiff was forced to seek medical treatment on his own.

25. Officers Seaton, Garcia, and Turnball, acting under color of state law in their official capacities as officers of Defendant City of Omaha's police department, willfully, knowingly, recklessly, intentionally, and maliciously deprived Plaintiff of his rights pursuant to the 14th Amendment of the United States Constitution by wholly failing to obtain or provide any emergency medical treatment for Plaintiff at the scene of the injury.

26. As a result of the officers' actions, Plaintiff was required to seek his own medical treatment; has incurred damages in an amount in excess of $15,000; has incurred great pain and suffering; will be required to seek future medical treatment and incur future medical expenses; and has suffered and will continue to suffer lost wages as the result of this incident.

WHEREFORE, Plaintiff prays that this Court award damages in an amount sufficient to compensate him for his injury, as well as pain and suffering, and all other damages that this Court deems fair and just.

## THIRD CAUSE OF ACTION

## VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983 – FAILURE TO PROPERLY TRAIN OFFICERS

27. Plaintiff herein incorporates paragraphs 1 through 26 as if they were written entirely.

28. Plaintiff's injuries resulted from the official policies and deliberate indifference of Defendant City of Omaha.

29. Defendant City of Omaha failed to properly train Officers Seaton, Turnball, and Garcia in the use of force attendant with a citizen's detention.

30. Defendant City of Omaha failed to properly train Officers Seaton, Garcia, and Turnball in the necessity to obtain and/or provide appropriate medical treatment for injured persons.

31. The actions of Defendant City of Omaha in failing to properly train Officers Seaton, Garcia, and Turnball deprived Plaintiff of rights secured him by the 4th and 14th Amendments of the United States Constitution.

32. As a result of the Defendant's failure to adequately train its officers not to use excessive force and to provide necessary medical treatment, Plaintiff was required to seek his own medical treatment; has incurred damages in an amount in excess of $15,000; has incurred great pain and suffering; will be required to seek future medical treatment and incur future medical expenses; and has suffered and will continue to suffer lost wages as the result of this incident.

WHEREFORE, Plaintiff prays that this Court award damages in an amount sufficient to compensate him for his injury, as well as pain and suffering, and all other damages that this Court deems fair and just.

## FOURTH CAUSE OF ACTION

### VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983 – FAILURE TO PROPERLY SUPERVISE OFFICERS

33. Plaintiff herein incorporates paragraphs 1 through 32 as if they were written entirely.

34. Plaintiff's injuries resulted from the official policies and deliberate indifference of Defendant City of Omaha.

35. Defendant City of Omaha failed to properly supervise Officers Seaton, Garcia, and Turnball, so that Plaintiff was permitted to be injured by their unlawful conduct in first using excessive force to detain plaintiff, then failing to provide appropriate medical treatment.

36. The actions of Defendant City of Omaha in failing to properly supervise Officers Seaton, Garcia, and Turnball deprived Plaintiff of rights secured to him by the 4th and 14th Amendments of the United States Constitution.

WHEREFORE, Plaintiff prays that this Court award damages in an amount sufficient to compensate him for his injury, as well as pain and suffering, and all other damages that this Court deems fair and just.

DANIEL RETZ, Plaintiff

BY: FRIEDMAN LAW OFFICES
Attorneys for Plaintiff
3800 Normal Blvd., Suite 200
PO Box 82009
Lincoln, NE 68501
(402) 476-1093

_____
Daniel H. Friedman #22293

## CERTIFICATE OF SERVICE

The undersigned attorney of record hereby certifies that he served a true and correct copy of the foregoing First Amended Complaint to:

Thomas O. Mumgaard, No. 16004
Deputy City Attorney
804 Omaha/Douglas Civic Center
1819 Farnam Street
Omaha, NE 68183
   Attorney for the City of Omaha, Nebraska

by United States Mail, sufficient postage prepaid, on May 5, 2011.

_____
Attorney for Plaintiff