IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DANIEL RETZ, | ) | CASE NO. 8:11CV169 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| DETECTIVE WILLIAM SEATON, in his individual and official capacity, and THE CITY OF OMAHA, NEBRASKA, | ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the Court on the Defendants' Motion in Limine Re: Plaintiff's Expert's Deposition in Lieu of Live Testimony (Filing No. 33). The Defendants ask the Court to rule, in limine, that Plaintiff may not offer the testimony of his expert, D. P. Van Blaricom, by video deposition at the time of trial. Defendants argue that Van Blaricom will not be an "unavailable witness" at the time of trial as defined in Fed. R. Civ. P. 32(a)(4)(B), even though he lives in the state of Washington, because he is a retained expert and his in-person trial testimony *is* available to the Plaintiff for a cost of $3,850 plus his actual travel expenses.

At the time the parties submitted their briefs and indexes of evidence in support of their respective positions on the Motion in Limine, the Defendants had taken a discovery deposition of Van Blaricom, and the Plaintiff had scheduled a video trial deposition of Van Blaricom to take place on November 1, 2012, with Van Blaricom in the state of Washington, and counsel for all parties questioning him from Omaha, Nebraska. It does not appear that the Defendants objected to the taking of the second deposition, or that the Plaintiff was required to seek leave of court to take the deposition pursuant to Fed. R. Civ. P. 30(a)(2)(A)(ii). The Court will assume the video deposition took place as scheduled.

The trial of this matter is among several civil trials tentatively scheduled to begin on April 16, 2013, in Omaha, Nebraska. If the Plaintiff intends to use the video deposition testimony of Van Blaricom at trial, and Defendants have objections to the use of the deposition, then the Plaintiff should move the Court to permit the use of the deposition testimony pursuant to NECivR 30.1(f). Any such motion should be filed on or before March 8, 2013, or such later date as Magistrate Judge F.A. Gossett, III, may allow. This Court will rule on the motion prior to trial, taking into consideration all factors listed in Rule 32(a)(4), including the witness's availability or lack thereof at the time of trial, the availability of the Court's electronic technology for presentation of live testimony from remote locations, and the danger of any unfair prejudice to the Defendants.

IT IS ORDERED:

The Defendants' Motion in Limine Re: Plaintiff's Expert's Deposition in Lieu of Live Testimony (Filing No. 33) is denied, without prejudice.

DATED this 6th day of November, 2012.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge