## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **DANIEL RETZ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **8:11CV169** |
| | ) | |
| **V.** | ) | |
| | ) | |
| **WILLIAM SEATON, Detective, in his** | ) | **FINDINGS AND** |
| **individual and official capacity, and** | ) | **RECOMMENDATION** |
| **CITY OF OMAHA, The, Nebraska,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| ——————————————— | ) | |

Plaintiff has filed a motion (filing 46) requesting that the Court allow his expert, D.P. Van Blaricom ("Van Blaricom"), who lives in the state of Washington, to testify at trial via remote electronic technology or, alternatively, that Plaintiff be permitted to submit Blaricom's videotaped deposition in lieu of live testimony at trial. Defendants oppose Plaintiff's motion.

Plaintiff contends that there is good cause to allow Van Blaricom to testify remotely because Plaintiff would have to spend approximately $3,850 in order to bring him to Nebraska for a live court appearance. Plaintiff argues that the use of video-conferencing technology would allow Van Blaricom to testify at trial - essentially live, with the jury able to assess his facial expressions and demeanor. Plaintiff further maintains that if Van Blaricom's remote appearance is not feasible, Fed. R. Civ. P. 32 authorizes him to submit a videotaped deposition of Van Blaricom in lieu of live testimony.

The Court finds each of Plaintiff's proposals unacceptable. The Court recognizes that Federal Rule of Civil Procedure 32 permits use of a deposition at trial if the Court finds "that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition." Fed. R. Civ. P. 32. The Court further acknowledges that remote trial testimony through the use of video-conferencing technology has been approved in certain instances.

Nevertheless, "there is an undeniable preference in the federal courts for the presentation of live testimony at trial." *Larson v. Tyson Fresh Meats, Inc., No. 8:00CV529, 2007 WL 119164, *1 (D. Neb. Jan. 10, 2007)*). Here, Plaintiff has not represented that Van Blaricom is unavailable for trial or unwilling to testify. Moreover, Plaintiff has not shown that the complained-of travel and attendance costs were unknown to Plaintiff prior to retaining Van Blaricom or were otherwise unavoidable. Plaintiff's desire to reduce his litigation costs is insufficient to justify the use of video-technology in place of Van Blaricom's live testimony.

Accordingly,

**IT IS RECOMMENDED** to Chief United States District Court Judge Laurie Smith Camp that Plaintiff's Motion to Allow Remote Witness Testimony or to Admit Videotaped Deposition in Lieu of Testimony (filing 46) be denied.

**DATED January 31, 2013.**

BY THE COURT:

S/ F.A. Gossett
**United States Magistrate Judge**

## NOTICE

A party may object to a magistrate judge's order by filing an objection within fourteen (14) days after being served with a copy of the findings and recommendation. Failure to timely object may constitute a waiver of any objection.