IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DANIEL RETZ, | ) | CASE NO. 8:11CV169 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| DETECTIVE WILLIAM SEATON, in his individual and official capacity, and THE CITY OF OMAHA, NEBRASKA, | ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the Court on (1) the Defendants' Motion in Limine to Exclude any Testimony or Reference to Contempt of Cop (Filing No. 61) and Defendants' Motion asking that the Court accept as evidence certain exhibits filed with the Court as if they had been offered at an evidentiary hearing (Filing No. 83); and (2) the Plaintiff's Motion in Limine Requesting Preclusion of Evidence Regarding Prior Convictions (Filing No. 66) and the Plaintiff's Motion asking that the Court accept as evidence certain exhibits filed with the Court as if they had been offered at an evidentiary hearing (Filing No. 86).

## STANDARDS OF REVIEW

Fed. R. Evid. 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 403 provides:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Fed. R. Evid. 609(2) provides in relevant part:

> for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving–or the witness's admitting–a dishonest act or false statement.

## DISCUSSION

This case, scheduled to begin trial to a jury on April 16, 2013, concerns a claim by Plaintiff Daniel E. Retz ("Retz") that Defendant William Seaton ("Seaton"), an officer with the Omaha Police Department, used excessive force against Retz under color of law and in violation of the Fourth Amendment to the United States Constitution and 42 U.S.C. § 1983, causing injury to Retz.  (Am. Compl., Count I, Filing No. 4.)

**I. Defendants' Motion in Limine to Exclude Testimony about "Contempt of Cop"**

In *Royster v. Nichols*, 698 F.3d 681, 691 (8th Cir. 2012), the Eighth Circuit reiterated the standard to be applied when considering claims of excessive use of force under the Fourth Amendment:

> All claims that law enforcement officers have used excessive force, whether deadly or not, in the course of an arrest, investigatory stop, or other seizure are analyzed under the Fourth Amendment's objective reasonableness standard." *Nance v. Sammis*, 586 F.3d 604, 609–10 (8th Cir.2009). "Not every push or shove violates the Fourth Amendment, but force is excessive when the officers' actions are not objectively reasonable in light of the facts and circumstances confronting them." *Rohrbough v. Hall*, 586 F.3d 582, 585 (8th Cir.2009) (quotations, alteration, and citation omitted). "The key question is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent

or motivation." *Nance,* 586 F.3d at 610 (quotations and citation omitted). "Objective reasonableness depends on the facts and circumstances of the case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Rohrbough*, 586 F.3d at 586 (quotations and citations omitted).

Defendants want to preclude Retz from offering expert testimony about a theory or phenomenon that both parties, and Retz's expert D.P. Van Blaricom, refer to as "contempt of cop." The theory or phenomenon as described by Van Blaricom suggests that when an individual is rude to a police officer, displaying disrespect, contempt, or poor attitude, the officer may want to show "who's boss," effecting an arbitrary arrest, detention, or use of force.

Whether or not Retz's expert used any valid methodology to support his theory, it will not help the jury determine a fact in issue. The theory of "contempt of cop" suggests a subjective motive for an officer's action, *i.e.*, a desire for retaliation and show of power. The officer's motive is not relevant, however. The question is whether the officer's actions were *objectively* reasonable, taking into consideration all the facts and circumstances of the case.

If sufficient foundation is presented to demonstrate that Retz's expert has the knowledge and skill to testify about law enforcement customs, practices, and training relevant to the objective reasonableness of Seaton's use-of-force, and if the expert's report adequately discloses such opinions, then he may be allowed to express them. He will be precluded, in limine, however, from offering opinions about the "contempt of cop" theory to suggest a motive for Seaton's conduct.

3

## II. Plaintiff's Motion in Limine Requesting Preclusion of Evidence Regarding Prior Convictions

Retz asks the Court to preclude the Defendants, in limine, from offering evidence of his prior convictions, other than his 2007 conviction for false reporting, which Retz acknowledges can be used for impeachment purposes. The Defendants have responded that they have no intention of offering evidence of Retz's other convictions. Accordingly, his motion will be granted.

## III. The parties' Motions asking the Court to accept certain evidence filed with the Court as if it had been offered in an evidentiary hearing

Both parties have asked the Court to accept and consider certain evidentiary materials they filed (Filing Nos. 62 and 85) as if such exhibits had been offered at an evidentiary hearing. Neither party objected to the opposing party's motion, and both motions will be granted.

IT IS ORDERED:

1. Defendants' Motion in Limine to Exclude any Testimony or Reference to Contempt of Cop (Filing No. 61) is granted;

2. Plaintiff's Motion in Limine Requesting Preclusion of Evidence Regarding Prior Convictions (Filing No. 66) is granted;

3. Defendants' Motion asking the Court to accept certain evidence filed with the Court as if it had been offered in an evidentiary hearing (Filing No. 83) is granted; and

4. Plaintiff's Motion asking the Court to accept certain evidence filed with the Court as if it had been offered in an evidentiary hearing (Filing No. 86) is granted.

DATED this 10th day of April, 2013.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge